IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ LUIS ROBLES-PÉREZ,

**Petitioner,**

v.

ANA ESCOBAR-PABÓN,

**Respondent.**

CIVIL NO. 22-1503 (RAM)

OPINION AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Petitioner José Luis Robles-Pérez's ("Petitioner" or "Mr. Robles-Pérez") *Amended Habeas Petition* ("*Motion*"). (Docket No. 40). Having considered the arguments of the parties at Docket Nos. 40, 56, 62, and 65, the Court **DENIES** Petitioner's *Motion* and **GRANTS** the *Motion to Dismiss* at Docket No. 56.

## I.    PROCEDURAL BACKGROUND

On October 5, 2011, Petitioner was charged by federal indictment of a single count of aiding and abetting a felon in possession of a firearm, § 922(g)(1). (Docket No. 40 at 2). On February 8, 2012, a federal superseding indictment was issued adding two counts to the original felon-in-possession count: one count of robbery of federal property in violation of 18 U.S.C. §

---

[1] Elizabeth O'Neill, a third-year student at the Interamerican University School of Law, assisted in the preparation of this Opinion and Order.

2112 and 2; and one count of brandishing a firearm in relation to
a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).
(Docket No. 56 at 2); *see also* <u>United States v. Robles-Pérez</u>, Crim.
No. 11-384-2(DRD), ECF Nos. 11, 57. On February 27, 2013, Mr.
Robles pled guilty to one count of aiding and abetting in the
robbery of federal property in violation of 18 U.S.C. §§ 2112 and
2; and one count of brandishing a firearm in violation of 18 U.S.C.
§ 924 (c)(1)(A)(ii). <u>Id.</u> at 3. Petitioner was sentenced on June
26, 2013, the Federal District Court sentenced Petitioner to 125
months of imprisonment which would run concurrently with his
Commonwealth sentence. <u>Id.</u> at 3. Mr. Robles-Pérez did not appeal
the June 26, 2013 sentence, which became final on July 10, 2013.
<u>Id.</u>

On October 20, 2011, a complaint was filed before the Puerto
Rico Court of First Instance charging Mr. Robles-Pérez with a
single count of Aggravated Robbery, in violation of Article 199 of
the P.R. Penal Code of 2004. (Docket No. 40 at 2). On January 18,
2012, Commonwealth prosecutors charged Petitioner with five
counts: two violations of Puerto Rico's 2000 Weapons Law, Art.
5.04 and Art. 5.15; and three violations of Puerto Rico's 2004
Penal Code, Art. 199, Art. 208(b) & (d), and Art. 252. <u>Id.</u> On
October 1, 2012, Petitioner pled guilty in the Commonwealth court
and was sentenced to a total of 18 years of prison, to be served

concurrent to his federal sentences. Id. at 3. On October 27, 2012, Mr. Robles-Pérez appealed his October 1, 2012 Commonwealth sentence. Id. On August 19, 2013, the Puerto Rico Court of Appeals denied his appeal. Id. at 4. Petitioner appealed this denial to the Puerto Rico Supreme Court on September 23, 2013. Id. The Puerto Rico Supreme Court ultimately denied the certiorari petition. Id.

On December 11, 2020, Petitioner discharged his federal sentence and was transferred to the Puerto Rico authorities and has been detained in a Commonwealth prison since. (Docket No. 56 at 4). On December 16, 2020, Petitioner filed a pro se motion requesting an appointment of counsel with the Commonwealth court. (Docket No. 40 at 4). Petitioner alleges that on April 7, 2021, with the assistance of the Legal Aid Society, he became aware of the Supreme Court of the United States ruling in Puerto Rico v. Sánchez Valle, 579 U.S. 59 (2016). (Docket No. 3-3 at 5).

Petitioner applied for habeas corpus under 28 U.S.C. § 2254 before this Court on October 14, 2022, and it was filed on October 18, 2022. (Docket No. 3). Therein, Petitioner alleges that he has been convicted and sentenced for the same crimes in the Federal jurisdiction and the Commonwealth jurisdiction, thereby violating the Constitutional Double Jeopardy clause as a result of the elimination of the dual sovereign exception between the two jurisdictions in Puerto Rico v. Sánchez Valle, 579 U.S. 59 (2016).

Id. at 1.  According to the Respondents, the habeas petition is time barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Docket No. 56 at 4). Specifically, the AEDPA's one-year statute of limitation period concluded on April 19, 2015. Id.

The Petitioner claims actual innocence allows his habeas petition to proceed despite the AEDPA's statute of limitations of 1 year. (Docket No. 40 at 1). The claim of actual "legal" innocence is based on the legal interpretation presented by the Petitioner's counsel of the new constitutional rule established in Sánchez Valle as being a substantive rule instead of a procedural rule. Id.

Petitioner also claims that several extraordinary circumstances prevented him from filing a habeas petition within the one-year statute of limitations. First, he claims that the Commonwealth courts prevented him from filing a Rule 192.1 motion while he was detained in a federal prison in the continental United States because Commonwealth courts do not allow an individual to file a petition for habeas corpus or Rule 192.1 by mail. Id. at 4. Second, he does not read English and was unable to obtain Spanish legal materials or translations nor submit documentation due to limitations on access to materials of the Commonwealth. Id. at 17. Third, the Petitioner has Post Traumatic Stress Disorder and Adjustment Disorder, which was diagnosed due to an incident where

he witnessed his uncle gunned down in front of him during a family outing. Id. at 18. Lastly, Petitioner claims that he has an intelligence quotient in the rage of 68-85, classifying him between the range of Very Low to Low Average and that Dr. Carol Romey, a clinical psychologist, diagnosed him with mild mental retardation, thus concluding that he "does not possess the minimal skills for taking care of himself and his new family independently." Id. at 18-19.

## II. DISCUSSION

### A. *Puerto Rico v. Sánchez Valle*

The Supreme Court has repeatedly stated "that a decision announcing a new rule of criminal procedure ordinarily does not apply retroactively on federal collateral review." Edwards v. Vannoy, 593 U.S. 255, 258 (2021). The "costs imposed upon the State[s] by retroactive application of new rules of constitutional law on habeas corpus thus generally far outweigh the benefits of this application." Sawyer v. Smith, 497 U.S. 227, 242 (1990) (quoting Solem v. Stumes, 465 U.S. 638, 654 (1984)). The exceptions to this rule are the "watershed rules of criminal procedure." Teague v. Lane, 489 U.S. 288, 311 (1989). However, the court has never identified any other pre-Teague or post Teague rule as watershed other than the right to counsel in Gideon v. Wainwright. Edwards v. Vannoy, 593 U.S. 255, 267 (2021).

In contrast, new substantive criminal rules generally apply retroactively. The Supreme Court has held that "a rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." Schriro v. Summerlin, 542 U.S. 348, 353 (2004). Constitutional determinations that place conduct or persons covered by a statute beyond a state's power to punish are considered new substantive rules. Id. However, "[n]ew substantive rules generally apply retroactively." Id.

In Sánchez Valle, the Supreme Court held that the United States and Puerto Rico are not separate sovereigns for double jeopardy purposes. Sánchez Valle, 579 U.S. 59, 77–78. Notably, the Supreme Court did not address whether this change constituted a new non-retroactive procedural rule or a retroactive substantive rule. The First Circuit has similarly yet to address this issue. However, for purposes of the case at bar, it is irrelevant whether the rule articulated in Sánchez Valle is retroactive because Petitioner's habeas corpus petition is time barred.

**B. The Habeas Corpus Petition is Time Barred**

The petitioner's request for habeas corpus is time barred under the AEDPA which establishes a one-year period of limitation for an application for a writ of habeas corpus by a person, with the limitation period starting from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In the present case, the relevant date to consider under 28 U.S.C. § 2244(d)(1)(C) is the date on which the Sánchez Valle rule was decided by the Supreme Court, *i.e.*, **June 9, 2016**. Even if the Court finds that Sánchez Valle created a retroactive substantive rule, the one-year statute of limitations period to file a habeas corpus pursuant to this rule expired on *June 10, 2017*. Petitioner did not file his application of Rule 192.1 until **September 1, 2021**, and did not file his application of habeas corpus until **October 14, 2022**, 4 and 6 years after the end of the limitation period.

To support his claim, Petitioner references Núñez Pérez v. Rolon Suarez, 618 F. Supp. 3d 49 (D.P.R. 2022), despite the fact that the facts of the case contain significant differences. Importantly, the petitioner in Núñez Pérez had filed the application for Rule 192.1 **only 11 days after the AEDPA deadline**, while Petitioner in the case at bar filed his application for Rule 192.1 **approximately 4 years after the AEDPA deadline.** The District Court of Puerto Rico has recognized that "the relevant issue in this case -- retroactivity of a unique Double Jeopardy argument – is extraordinarily complex, and in the context of the interplay between AEDPA's non-jurisdictional statute of limitations and a prisoner's exhaustion of state remedies, is rendered more difficult to understand, even for skilled practitioners." Núñez Pérez, 618 F. Supp. 3d at 60. However, this does not justify that Petitioner delayed his Rule 192.1 motion for approximately 4 years after the AEDPA deadline and filed his Habeas Petition approximately 6 years after the statute of limitations expired.

**C. Equitable Tolling does not Apply**

The federal statute allows tolling if the petitioner can show good cause for the failure to file the habeas corpus application within the one-year period. 28 U.S.C. § 2263 (b)(3)(B). A petitioner who seeks tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstances stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). The petitioner must persuade the court to apply equitable tolling, a doctrine that "extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own." <u>Id.</u>

In this case, Petitioner claims to have not become aware of the decision in <u>Sánchez Valle</u> until April 7, 2021, with the assistance of the Legal Aid Society.  That is approximately five years after the <u>Sánchez Valle</u> decision. "AEDPA's statute of limitations will not be equitably tolled merely because the underlying grounds for habeas relief are extraordinary; rather, the 'extraordinary circumstance' must be one that actually caused the untimely filing." <u>Holmes v. Spencer</u>, 685 F.3d 51, 62 (1st Cir. 2012) (citing <u>Holland</u>, 560 U.S. 631, 648 (2010)).

### 1. Equitable Tolling Exception for the Rule 192.1 filing

Petitioner filed his Rule 192.1 motion in April 2021. Petitioner acknowledges that filing a Rule 192.1 motion does not extend the AEDPA statute of limitations. <u>Díaz-Castro v. Matta</u>, 568 F. Supp.3d 144, 150 (D.P.R. 2021). (Docket No. 62 at 4). The tolling provision of AEDPA does not allow the one-year limitation period to begin each time a post-conviction motion is filed, but rather it excludes from the calculation of the period any time

during which post-conviction relief is pending. <u>Trapp v. Spencer,</u> 479 F.3d 53, 58-59 (1st Cir. 2007).

Petitioner claims the idiosyncrasies of the Commonwealth Courts prevented him from filing a Rule 192.1 motion in a timely manner. Petitioner claims that he needed to physically file the motion at the courthouse in San Juan, Puerto Rico. (Docket No. 40 at 17). However, Petitioner does not cite any statutes, cases, or other material to support that he physically needed to file this motion. *See* L. CV. R. 7(a); L. CR. R. 112.

According to Rule 192.1(A), any person detained due to a sentence from the Court of First Instance and alleges one of the following rights can apply for the Rule 192.1 motion. **Puerto Rico Rules of Criminal Procedure**. P.R. Laws Ann. tit. 34 Ap. II, Rule 192.1(A). The motion in question can be presented to the sentencing court at any moment, post sentencing, including when the sentence is final. <u>Id.</u> Under these circumstances, the filing of the 192.1 motion in April 2022 did not equitably toll the statute of limitations.

### 2. Equitable Tolling Exception for Mental Illness Does Not Apply

The First Circuit has stated that a petitioner satisfies proving the causal link between his mental illness and ability to diligently file for habeas relief "if he can show that, during the

relevant time frame, he suffered from a mental illness or impairment that so severely impaired his ability either effectively to pursue legal relief to his own behoof or, if represented, effectively to assist and communicate with counsel." Riva v. Ficco, 615 F.3d 35, 40 (1st Cir. 2010).

The Petitioner claims that he was unable to pursue his rights diligently for a variety of reasons. Petitioner has provided evidence of his post-traumatic stress disorder and mild retardation as the extraordinary circumstances that stood in his way. However, Petitioner has not satisfied the causation requirement as he has not shown how, during the 4 to 5 years between the end of the AEDPA limitation period and his Habeas Petition filing, his mental illness hindered his ability to file or communicate with counsel. Yet, during this time he pursued legal relief and filed a variety of motions, such as the Rule 192.1 motion, among other legal recourses.

### 3. Petitioner Did Not Establish Actual Innocence

In this present case, petitioner has not presented evidence of actual innocence except for the new constitutional rule established in Sánchez Valle. The Supreme Court stated that the "body of our habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to

have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). The gateway to equitable tolling for actual innocence should only open when a petitioner presents "**evidence of innocence so strong** that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of no harmless constitutional error." McQuiggin v. Perkins, 569 U.S. 383, 401 (2013) (emphasis added).

The Supreme Court has held that "'**actual innocence' means factual innocence, not mere legal insufficiency.**" Bousley v. United States, 523 U.S. 614, 623 (1998) (emphasis added). "Without any new evidence of innocence, even the existence of a meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a court to reach the merits of a barred habeas claim." Schlup v. Delo, 513 U.S. 298, 316, (1995). In the present case, Petitioner recognizes that "there is no new evidence to consider." (Docket No. 40 at 22). As such, Petitioner's claims of actual innocence are unmeritorious.

Petitioner asserts that the exception of miscarriage of justice applies in the present case as the conviction from the Puerto Rico judicial system is a constitutional violation of the Double Jeopardy clause. That is, if Sánchez Valle applies retroactively, then Petitioner's Commonwealth detention is

unlawful. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986) (explaining that victims of miscarriages of justice may not always meet the cause and prejudice standard). On federal habeas review under the AEDPA, it is the petitioner's obligation to "not simply offer a plausible argument for the unconstitutionality of his conviction, but, rather to identify how the state court's analytical path strayed beyond permissible bounds." Jackson v. Coalter, 337 F.3d 74, 83 (1st Cir. 2003). A constitutional double jeopardy claim is time barred under federal habeas review under the AEDPA. Thus, even if the Court were to recognize Sánchez Valle as a new retroactive substantive rule, Petitioner's request for habeas corpus would remain time barred.

### III. CONCLUSION

For the foregoing reasons, Petitioner José Luis Robles-Pérez' *Amended Habeas Petition* at Docket No. 40 is **DENIED** and the *Motion to Dismiss* at Docket No. 56 is **GRANTED**. No certificate of appealability shall issue, as the *Motion* fails to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). In accordance with Rule

22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner

may still seek a certificate directly from the United States Court

of Appeals for the First Circuit. Judgment of **DISMISSAL WITH**

**PREJUDICE** shall be entered accordingly.

     **IT IS SO ORDERED.**

     In San Juan, Puerto Rico, this 13th day of November 2024.

               s/Raúl M. Arias-Marxuach

               UNITED STATES DISTRICT JUDGE